**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEITH A. WARREN, | Case No.: 3:17-cv-00228-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: ECF No. 32 |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion to File Second Amended Complaint (ECF No. 32), to which Defendants Powers and Wickham have filed a "non-opposition." (ECF No. 35.)[1]

The court's screening order found that Plaintiff's First Amended Complaint stated colorable Eighth Amendment "failure to protect" claims and First Amendment retaliation claims against Defendants Thomas, Powers and Wickham. (ECF No. 11 at 4-6.) Plaintiff's "Federal Statutory Claims" were dismissed without leave to amend. (*Id*. at 6.) Plaintiff's "State law Claims" were largely dismissed except for certain colorable claims premised upon Article 1, Section 9 of the Nevada Constitution, which section ". . . . provides free speech protections that are coextensive

---

[1]The screening order permitted Plaintiff's causes of action to proceed against Defendants Powers and Wickham, who have appeared and answered (ECF Nos. 20 & 28). The other Defendant against whom Plaintiff's claims were allowed to proceed, Chandra Thomas, has not been served. (ECF Nos. 20, 23 & 25.)

with the First Amendment to the United States Constitution." (*Id.* at 7; citation omitted.) Thus, Plaintiff's state constitutional law "retaliation claim" was allowed to proceed against the same three Defendants (Thomas, Powers and Wickham). (*Id.*)

Plaintiff's motion to amend states his proposed Second Amended Complaint "would cure the defects within his complaint, clarify defendants and to make his [Second Amended] complaint more factually accurate and concise for the court." Plaintiff represents there would be "no prejudice to Defendants …" (ECF No. 32 at 2-3.)

Although Defendants Powers and Wickham have expressed a non-opposition to Plaintiff's motion to amend, the court notes Plaintiff's proposed Second Amended Complaint seeks to add eleven (11) new defendants.[2] While it appears the gravamen of Plaintiff's claims in his First Amended Complaint (which if they were allowed to proceed) are similar to Counts I and II of the proposed Second Amended Complaint, Count III appears to assert a seemingly new claim of failing to investigate the assault allegedly perpetrated against him. (ECF No. 32 at pp. 17-18.) Because of the proposed addition of eleven (11) new defendants and possibly one (1) new cause of action, it further appears the proposed Second Amended Complaint should be placed in line to be screened.

While leave to amend is to be freely given under Federal Rule of Civil Procedure 15(a)(2), the court need not give leave to amend where doing so is, among other things, futile or the amended complaint would be subject to dismissal. *See Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see also Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). As such, the non-moving party, as well as the court, should review the

---

[2] Baca, Baker, Byrne, Baza, Del Porto, Foster, Kelly, Mears, Ramirez, Tristan and Vidari. (ECF No. 32 at 4-8.)

proposed amended complaint to determine whether any portion of the proposed amended complaint would be futile. The standard for futility is whether the proposed amended complaint states a claim upon which relief may be granted, which is the same standard the court employs in screening prisoner complaints under the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the same standard that is utilized in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Therefore, case law interpreting Rule 15 allows Defendants to oppose a motion for leave to amend if the proposed amendment fails to state a claim upon which relief may be granted.

The court will review the motion for leave to amend in due course and will screen the proposed amended complaint under 28 U.S.C. § 1915A. However, absent compelling circumstances, any subsequent motion to dismiss the proposed Second Amended Complaint (if leave is granted to file it) for failure to state a claim filed by Defendants will not be well received inasmuch as the Defendants had an opportunity to assert such arguments in response to Plaintiff's motion to amend and have apparently elected not to do so. The court does not wish to engage in a repetitive analysis. As such, if Defendants wish to assert an argument that the proposed second amended complaint fails to state a claim upon which relief may be granted, they will have **fourteen (14) days** from the date of this Order to do so.

**IT IS SO ORDERED**.

Dated: September 5, 2019.

_____
WILLIAM G. COBB
 UNITED STATES MAGISTRATE JUDGE