UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEITH WARREN., <br><br> Plaintiff, <br> v. <br><br> C/O POWERS, *et al.*, <br><br> Defendants. | Case No. 3:17-cv-00228-MMD-WGC <br><br> ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Plaintiff Keith Warren, an incarcerated person, brings this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is a Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R"). (ECF No. 46.) The R&R addresses Plaintiff's motion for leave to file a second amended complaint and the accompanying complaint ("SAC") (ECF Nos. 32, 32-1). (*Id.*)[1] The parties had until November 26, 2019, to file objections to the R&R. No objection has been filed. The Court accepts and adopts the R&R in its entirety.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in Reyna-Tapia as adopting the view that district courts are not required to review "any issue that is not the subject of an objection" and

///

---

[1] The R&R explains the applicable legal and screening standards and recites Plaintiff's factual allegations. (*See generally* ECF No. 46.)

accepting, without review, a magistrate judge's recommendation to which no objection was filed). The Court nonetheless engages in *de novo* review to determine whether to accept the R&R and finds it should be accepted.

In the R&R, Judge Cobb concluded that permitting leave to amend is proper under Fed. R. Civ. P. 15(a)(2). Upon screening the SAC, Judge Cobb found that Plaintiff's three claims are asserted under the Eighth Amendment for failure to protect—not also under the Fourteenth Amendment as Plaintiff alleges (*see* ECF No. 32-1)—and the First Amendment for retaliation. (*E.g.*, ECF No. 46 at 7, 12.) As to each named Defendant (*see* ECF No. 46 at 3 (listing all Defendants)) and the respective claims, Judge Cobb found as follows:

(1) *Count III* and Northern Nevada Correctional Center ("NNCC") Caseworker R. Mears, NNCC Warden Isidro Baca, Nevada Department of Corrections ("NDOC") Deputy Director D. Tristan, Lovelock Correctional Center ("LCC") Caseworker D. Baze, LCC Warden Renee Baker and Inspector General Pamela Del Porto should be dismissed with prejudice for failure to state a claim. (ECF No. 46 at 10–11; *see* ECF No. 32-1 at 14–15.) Dismissal is warranted because Plaintiff's allegations in this count against these Defendants relate to their conduct within the grievance process to which Plaintiff has no due process rights. *See, e.g.*, *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (citations omitted) ("There is no legitimate claim of entitlement to a grievance procedure."); *Ramirez v. Galalap*, 334 F.3d 850, 560 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

(2) *Count I* should proceed against Warm Springs Correctional Center ("WSCC") Warden Quinten Byrne, WSCC Lieutenant Ramirez, WSCC Caseworker Chandra Thomas, WSCC Correctional Officer Kelly, WSCC Correctional Officer Powers, WSCC Gang Investigator/Officer Vidaurri and NDOC Deputy Director SL Foster for failure to protect under the Eighth Amendment. (ECF No. 46 at 8–9; *see* ECF No. 32-1 at 6–12.) Judge Cobb also found that in Count I Plaintiff

| | states a colorable claim for retaliation under the First Amendment against Thomas. (ECF No. 46 at 9.) |
|---|---|
| | (3) *Count II* should proceed against Powers, Vidaurri, Kelly and Thomas for retaliation under the First Amendment. (*Id.* at 10; *see* ECF No. 32-1 at 13.) |

The Court agrees with the R&R and adopts it in full.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 46) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's motion for leave to file the SAC (ECF No. 32) is granted.

It is further ordered that the Clerk of the Court file the SAC (ECF No. 32-1) and send Plaintiff a courtesy copy.

It is further ordered that Count III and defendants Mears, Baca, Tristan, Baze, Baker and Del Porto are dismissed with prejudice as amendment would be futile.

It is further ordered that Count I will proceed against Defendants Byrne, Foster, Kelly, Powers, Ramirez, Thomas and Vidaurri for failure to protect in violation of the Eighth Amendment.

It is further ordered that Counts I and II will proceed against Thomas based on Plaintiff's claims of retaliation by Thomas under the First Amendment.

It is further ordered that Count II will also proceed against Kelly, Powers and Vidaurri based on Plaintiff's allegations of retaliation by these Defendants under the First Amendment.

It is further ordered that the Clerk of the Court electronically serve a copy of this order and a copy of Plaintiff's SAC (ECF No. 32-1) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General to the docket sheet. This does not indicate acceptance of service.

It is further ordered that the Attorney General's Office must advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of settlement. No defenses or

objections, including lack of service, will be waived as a result of the filing of the limited notice of appearance. For those defendants for whom it does not accept service, the Attorney General's Office must file the last known address under seal, but not serve the inmate Plaintiff. If the last known address is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address.

It is further ordered that if service cannot be accepted for any of the named Defendants, Plaintiff must file a motion identifying the unserved defendant(s), request issuance of a summons, and provide the full name and address for those Defendants for whom the Attorney General has not provided a last known address under seal.

It is further ordered that if the Attorney General accepts service for any named Defendants, they must file and serve an answer or other response within 60 days from when this order is issued.

DATED THIS 2nd day of December 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE