**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KEITH A. WARREN, | Case No.: 3:17-cv-00228-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: ECF No.104 |
| NEVADA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 104). Plaintiff bases his motion on the fact that (1) the Lovelock Correctional Center (LCC) "law library's policy of not permitting inmate physical access to the law library…," (2) LCC only allows prisoners to pick-up legal mail/e-filings and drop off legal mail/e-filings and the law library does not provide adequate assistance from person trained in the law, and (3) Plaintiff is "incapable of engaging in any investigation(s); or locating and presenting key witnesses or evidence." (*Id.* at 4, 5.)

While any *pro se* inmate such as Mr. Warren would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims. (ECF Nos. 1, 5, 10, 18, 26, 32, 38, 40, 49, 59, 60, 69, 77, 80, 84, 91, 93, 94.)

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

2

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claims involved in this action are not unduly complex. Plaintiff's Second Amended Complaint was allowed to proceed on (a) the Eighth Amendment failure to protect claim against Ramirez in Count I, (b) the Eighth Amendment failure to protect claims against Powers, Byrne, Thomas, Vidaurri, Foster, and Kelly in Count I, (c) the retaliation claim against Thomas in Count I; and (d) the retaliation claims against Powers, Vidaurri, Kelly and Thomas in Count II. (ECF No. 48 at 2, 3.) These claims are not so complex that counsel needs to be appointed to prosecute them.

Additionally, as noted in Plaintiff's motion for appointment of counsel, Plaintiff has the assistance of fellow prisoner Abraham Cruzado in preparing his Second Amended Complaint, motions to compel, discovery and other filings since August 2019. (ECF No. 104 at 4.)

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 104).

3

**IT IS SO ORDERED.**

Dated: August 25, 2020.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE