UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH WARREN,<br><br>   Plaintiff<br><br>v.<br><br>C/O POWERS, et. al.,<br><br>   Defendants | Case No.: 3:17-cv-00228-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 133 |

  This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

  Before the court is Plaintiff's Motion for a Temporary Restraining Order (TRO). (ECF No. 133.) Defendants filed a response. (ECF No. 137.) Plaintiff filed a reply. (ECF No. 140.)

  After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

  Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Second Amended Complaint (SAC), ECF No. 49.) The court screened the SAC and allowed Plaintiff to proceed with the claims for failure to protect under the Eighth Amendment and retaliation against Ramirez, Thomas, Powers, Byrne, Vidaurri, Foster and Kelly. (ECF Nos. 46, 48.)

  The SAC alleges that Plaintiff informed Defendants he would be in danger if transferred to Southern Desert Correctional Center (SDCC) because it would put him in danger due to his sex offender status, but his warnings were ignored, and he was assaulted by Aryan Warrior gang

members. Then, he claims that certain Defendants notified Norteño gang members at Warm Springs Correctional Center (WSCC) that he was a sex offender and baby killer, and when he reported this, his complaints went unanswered. A Norteño told Plaintiff to stay at WSCC he would have to pay the Norteños, and when he reported this his complaints were ignored. In addition, Kelly opened the door to let the Norteños in to attack Plaintiff. When Plaintiff complained about these threats, he was moved into a unit where most of the Norteños lived.

Ramirez and Thomas have been dismissed for failure to timely serve them under Federal Rule of Civil Procedure 4(m). (ECF No. 92.) Therefore, the remaining defendants are Powers, Byrne, Vidaurri, Foster and Kelly.

In his motion for a TRO, Plaintiff asks for an order against the Defendants, the Attorney General's Office and the NDOC, precluding any and all forms of retaliation, including unwarranted cell searches, destruction of property or legal documents, and transfers. (ECF No. 133.)

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

A temporary restraining order is appropriate when irreparable injury may occur before the court can hold a hearing on a motion for preliminary injunction. *See* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999). The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for preliminary injunction and the proceeding is not subject to any special requirements."). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

In addition, in seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 635 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally." *Id*. (quoting *De Beers Consl. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*.

### III. DISCUSSION

Plaintiff states that he believes due to "administrative gymnastics" by Deputy Attorneys General Cogan and Dunkley, and prior transfers to unsafe STG affiliated yards, that the NDOC or Attorney General's Office may try to transfer Plaintiff to an unsafe yard for filing this complaint; have officers perform unwarranted cell searches; have officers destroy his property or legal documents; and, have officers take legal documents. Plaintiff states that he feels a TRO is warranted because he has witnessed the officers do these things over the last 38 years.

First, Plaintiff's motion does not address, let alone demonstrate, a likelihood of success on his retaliation claims. Plaintiff's reply brief argues that Defendants cannot succeed on the merits of this case, but Defendants' likelihood of success is not at issue here. It is Plaintiff's burden in seeking injunctive relief to show that he is likely to succeed on the merits of the claims proceeding in this action. He has not done so. Therefore, this factor weighs against granting injunctive relief.

Second, Plaintiff has not established he is likely to suffer irreparable harm in the absence of injunctive relief. Plaintiff's motion states that he believes he *may* be subject to retaliatory conduct because of "administrative gymnastics" of the Deputy Attorneys General assigned to this case, and prior transfers to unsafe conditions, without providing any details or elaboration about what has caused him to fear that he will be retaliated against. In his reply, Plaintiff discusses events that occurred between 2014 thru 2016, but Plaintiff does not point to any facts concerning *recent* events that lead the court to believe he may be subject to retaliatory conduct *at this time*. Therefore, this factor weighs against granting injunctive relief.

Without showing he is likely to succeed on the merits or that he is likely to suffer irreparable harm, the court cannot conclude the balance of equities tips in his favor or that an injunction is in the public interest.

Finally, Plaintiff seeks a broad order precluding retaliatory conduct by Defendants, NDOC and the Attorney General's Office. This is not the narrowly drawn relief envisioned by Rule 65 or the PLRA.

For these reasons, Plaintiff's motion for a TRO should be denied.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for a TRO (ECF No. 133).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 26, 2021

_William G. Cobb_
William G. Cobb
United States Magistrate Judge