UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEITH A. WARREN,<br><br>    Plaintiff,<br> v.<br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No. 3:17-cv-00228-MMD-CSD<br><br>ORDER |

**I. SUMMARY**

*Pro se* Plaintiff Keith Warren, who is in the custody of the Nevada Department of Corrections, brings this 42 U.S.C. § 1983 action against correctional officers Powers and Kelly, warden Quinten Byrne, deputy director SL Foster, and correctional officer/gang investigator Vidaurri (together, "Defendants").[1] (ECF No. 49 ("Complaint").) Warren alleges that Defendants violated the Eighth Amendment for failing to protect him, and that Defendants also retaliated against him for filing grievances. (ECF Nos. 46, 48.)

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb.[2] (ECF No. 245 ("R&R").) The R&R recommends the Court grant in part and deny in part Defendants' motion for summary judgment (ECF No. 226 ("Motion")).[3] More specifically, the R&R recommends the Motion be granted as to Byrne and Foster in Count I, denied as to Powers, Vidaurri, and Kelly in Count I, and granted as to Powers, Vidaurri and Kelly in Count II. (ECF No. 245.) Warren timely filed an objection

---

[1] Lieutenant Ramirez and caseworker Chandra Thomas were dismissed from this action on May 4, 2020, pursuant to Rule 4(m) of the Federal Rule of Civil Procedure. (ECF No. 92.)

[2] The Court notes that Judge Cobb issued the R&R prior to his retirement. This case has thus been reassigned to Magistrate Judge Craig Denney going forward. (ECF No. 161.)

[3] The Court has additionally reviewed Warren's response and Defendants' reply to the Motion. (ECF Nos. 230, 233.)

to the R&R. (ECF No. 246 ("Objection").)[4] Because the Court agrees with Judge Cobb, and as further explained below, the Court overrules Warren's Objection and adopts the R&R in full.

## II. BACKGROUND

The Court incorporates by reference and adopts Judge Cobb's recitation of the factual background provided in the R&R. (ECF No. 245 at 1-3.)

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because Warren filed his Objection. (ECF No. 246.)

### B. Summary Judgment

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material

---

[4] Defendants filed a response to the Objection. (ECF No. 247.) However, Warren filed a reply (ECF No. 248) to Defendants' response without seeking leave of the court. *See* LR IB 3-1(a) ("Replies will be allowed only with leave of the court.") Accordingly, the Court strikes from the record Warren's reply (ECF No. 248).

facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56 of the Federal Rules of Civil Procedure, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Anderson*, 477 U.S. at 252.

**IV.    DISCUSSION**

Following a *de novo* review of the R&R and other records in this case, the Court finds good cause to accept and adopt Judge Cobb's R&R in full. In his Objection, Warren makes 10 objections. (ECF No. 246 at 1-8.) The Court has determined the first five of Warren's objections do not warrant discussion as they are mere disagreements lodged at certain statements in the R&R. The remaining five objections do not fare much better, but in light of Warren's *pro se* status, the Court will summarily address these objections below.

Warren appears to argue that Byrne knew that placing Warren "into another gang infested environment" would cause him to be assaulted. (ECF No. 246 at 5.) Byrne had prior knowledge that Warren was in an unsafe environment and knew that Warren was previously assaulted at the Southern Desert Correctional Center ("SDCC"). (*Id.*) Warren points to Byrne's refusal to answer interrogatories to support his proposition that Byrne would have been aware of the assault at SDCC. (*Id.*) However, Warren's argument is merely conclusory. The Court, having reviewed Byrne's answer to the interrogatories and the records in this action, finds that Warren has failed to show a genuine issue of material fact regarding his Eighth Amendment claim that Byrne failed to protect him.

Warren appears to further argue that Foster sent an email threatening Warren on November 4, 2013, and her response to a second level grievance, both show that she retaliated against Warren. (*Id.* at 6.) Additionally, Warren asserts that he filed a complaint against Foster for violating his First Amendment rights in the District Court Clark County Nevada.[5] (*Id.*) The Court, however, is perplexed by this argument because Warren has not brought a claim of retaliation against Foster. As such, Warren has failed to produce a grievance or kite that shows Foster was notified of the issue regarding the Norteño gang and failed to protect Warren in violation of the Eighth Amendment. The Court therefore finds that Warren as failed to offer evidence of a genuine issue of material fact.

Warren next argues Judge Cobb failed to consider that Powers retaliated against Warren by informing the Norteño gang that Warren was a sex offender, pedophile, and baby killer. (*Id.* at 6.) Citing to his own sworn declaration, Warren argues that a previous conversation Warren had with Powers and Powers's verbal assault of Warren evidence Power's retaliatory nature to harm sex offenders. (*Id.*) Again, Warren's argument here is merely conclusory and does not show a genuine issue of material fact.

Warren also argues Judge Cobb failed to take into account that Vidaurri retaliated against him by ignoring his complaints about Powers and by making arrangements of

---

[5]The Court notes that Warren's line of argument is difficult to follow and requires the Court to construe it as stated herein.

payment to the Norteño gang on Warren's behalf. (*Id.*) According to Warren, these actions show Vidaurri never intended to protect Warren from adverse actions. However, Warren offers no evidence to support his proposition. As such, the Court finds that he has again failed to show a genuine issue of material fact exists.

Warren concludes by arguing Judge Cobb did not address his retaliation claim against Byrne. (*Id.* at 7.) But the Complaint does not allege a claim of retaliation against Byrne. (*See* ECF No. 46 at 10 ("[Warren] states colorable retaliation claims against Powers, Vidaurri, Kelly and Thomas.").)

In sum, the Court agrees with the R&R, and overrules Warren's Objections. The Court will adopt Judge Cobb's R&R in full.

## V. CONCLUSION

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 245) is accepted and adopted in full.

It is further ordered that Plaintiff Keith Warren's Objection (ECF No. 246) to the Report and Recommendation is overruled.

It is further ordered that the Clerk of Court is directed to strike Warren's reply (ECF No. 248).

It is further ordered that Defendants' motion for summary judgment (ECF No. 226) is granted in part and denied in part. The motion is granted as to Quinten Byrne and SL Foster in Count I. The motion is denied as to Powers, Vidaurri, and Kelly in Count I. The Motion is granted as to Powers, Vidaurri, and Kelly in Count II.

It is further ordered that the remaining issue in this action is Warren's claim in Count I that Defendants Powers, Vidaurri, and Kelly violated Warren's Eight Amendment rights when they failed to protect him.

DATED THIS 1st Day of March 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE