1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

KEITH A. WARREN,

Case No.: 3:17-cv-00228-MMD-CSD

4

Plaintiff

**Order**

5

v.

Re: ECF Nos. 291, 292

6

7

NEVADA DEPARTMENT OF
CORRECTIONS, et al.,

8

Defendants

9

10        Plaintiff has filed a motion to have inmate Jack Albert Patterson appointed as Plaintiff's

11   attorney-in-fact. (ECF No. 291.) Defendants opposed this motion. (ECF No. 297.) Plaintiff has

12   also filed a motion for appointment of counsel. (ECF No. 292.)

**I. Motion for Appointment of Jack Albert Patterson as Attorney-in-Fact**

13

14        Plaintiff asserts that prison officials have intentionally moved Plaintiff away from the

15   inmate, Jack Albert Patterson, who was assisting him in litigating this case.  As a result, Plaintiff

16   requests the court appoint Patterson as his attorney-in-fact. Plaintiff references Nevada

17   Department of Corrections' (NDOC) Administrative Regulation (AR) 722.04.

18        In a court in Nevada, only a licensed attorney who is an active member of the State Bar

19   of Nevada is authorized to represent a client. *Guerin v. Guerin*, 116 Nev. 210, 993 P.2d 1256,

20   1258 (Nev. 2000) (citing N.R.S. 7.285); *see also* SCR 77. An individual engages in the

21   unauthorized practice of law when he engages in activities customarily performed by licensed

22   attorneys. *In re Discipline of Lerner*, 197 P.3d 1067, 1071 (Nev. 2008). A search for Jack Albert

23   Patterson through the Nevada State Bar's website did not yield any results. Therefore, the court

cannot appoint Mr. Patterson as an attorney-in-fact.

1    AR 722.04 provides, among other things, that inmates may obtain assistance from

2 institutional library assistants. The AR further provides that inmates may assist each other in the

3 preparation of legal documents and may act as "Counsel Substitutes" under NDOC policies.

4 When an inmate other than an inmate library assistant is helping another inmate, all papers must

5 be returned when an inmate is released, transferred to another institution or when administrative

6 action such as placement in disciplinary segregation prevents direct communication between the

7 two inmates, except if the inmates are active co-defendants or co-plaintiffs in a case being

8 litigated. AR 722 does not appear to define "counsel substitute," and in any event, such person

9 must not engage in the unauthorized practice of law in Nevada.

10    Other judges within this district have found that an inmate does not have a right to an

11 inmate assistant of his choosing, and he may seek out assistance from another inmate within his

12 housing unit. *See Paulo v. Williams*, No. 2:19-cv-0044-APG-NJK, 2021 WL 3409242 (D. Nev.

13 Aug. 4, 2021).

14    For these reasons, Plaintiff's motion to appoint Jack Albert Patterson as attorney-in-fact

15 (ECF No. 291) is denied.

### II. Motion for Appointment of Counsel

17    "[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560

18 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)).

19 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any

20 person unable to afford counsel." That being said, the appointment of counsel in a civil case is

21 within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at

22 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In

23 "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of

success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light

of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v.*

*Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir.

2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

(citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*,

935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff has filed five prior motions for counsel, that have all been denied because

Plaintiff has not demonstrated exceptional circumstances that warrant the appointment of

counsel. (ECF No. 5, 8, 104, 105, 164, 169, 214, 215, 217 (order denying reconsideration of

denial of appointment of counsel), 272, 273.) Like the prior motions, Plaintiff has not

demonstrated in this motion the exceptional circumstances exist to justify the appointment of

counsel.

Following Defendants' motion for summary judgment, this action is proceeding on

Plaintiff's Eighth Amendment failure to protect claim against Powers, Kelly and Vidaurri. (ECF

Nos. 245, 264.) Plaintiff, once again, has not addressed his likelihood of success on the merits,

and thus far he has demonstrated an ability to articulate his claims *pro se*. Moreover, his claims

are not unduly complex.

Therefore, Plaintiff's motion (ECF No. 292) is denied.

### III. Conclusion

Plaintiff's motion to appoint Jack Albert Patterson as attorney-in-fact (ECF No. 291) and his motion for the appointment of counsel (ECF No. 292) are **DENIED**.

**IT IS SO ORDERED**.

Dated: April 27, 2022

_____
Craig S. Denney
United States Magistrate Judge